**Little v. Cady (No. 2)**

*William R. Mervine,* for plaintiff.

*H. Robert Hampson,* for defendant.

WOLFE, P. J., October 22, 1970.—For disposition is defendant's motion to dismiss plaintiff's rule to file a complaint or counterclaim in accordance with subsection (b) of section 3005 of the Minor Judiciary Court Appeals Act of December 2, 1968, (Act No. 355) sec. 5, 42 PS §3005.

Initially, plaintiff commenced an action against defendant for damage incurred to plaintiff's motor vehicle in the minor judiciary court. Plaintiff alleged that defendant had negligently operated his bulldozer into plaintiff's truck, thereby causing damage to it. Defendant filed a claim against plaintiff for alleged damages sustained by reason of plaintiff's breach of contract to sell logs in the same magisterial court. From the wording of the justice's transcript now before this court, plaintiff's claim is in trespass whereas defendant's claim is in assumpsit alleging breach of contract.

Rule 315 governing minor judiciary courts provides a procedure for defendant to assert a claim against plaintiff, which claim need not arise from the same transaction or occurrence from which plaintiff's claim arose, nor need it be the same type of claim.

The transcript further reveals that the justice used the same claim number for both claims and heard the case as one as growing out of the same transaction or occurrence rather than as separate and distinct actions.

On plaintiff's trespass claim, the justice found that both plaintiff and defendant were negligent in the damage done to plaintiff's vehicle and directed defendant to pay one-half of the damage awarded. This

misapplication of the law was corrected by this court on a writ of certiorari by entering judgment for defendant.

On defendant's claim in assumpsit, the justice entered a judgment in favor of defendant and against plaintiff.

Following these decisions, plaintiff appealed the trespass action to this court within the 20-day period provided under the aforesaid Minor Judiciary Court Appeals Act. However, he did not request the prothonotary, by praecipe, to enter a rule to file a complaint on the action of defendant against plaintiff in the magistrate's court until 36 days following the decision on that claim.

Defendant now asks the court to dismiss the rule to file the complaint, alleging that the rule was not issued within the statutory period of 20 days following the magistrate's decision.

Plaintiff argues that although the praecipe was finally entered requesting the rule, same was not necessary because plaintiff's appeal was perfected within the 20-day period as both cases were considered as one by the magistrate.

With this, the court cannot agree. Section 3005, subsection (b) provides, 42 PS §3005:

"The appeal shall be taken within twenty days of said action by filing with the prothonotary of the common pleas court, a notice of appeal which shall be sworn to and (i) if the plaintiff before the minor judiciary court is the appellant, shall be in the form of a complaint or (ii) if the defendant before the minor judiciary court is the appellant, shall consist of a praecipe requesting the prothonotary to enter a rule upon the plaintiff to file a complaint within twenty days or suffer entry of a judgment of non pros."

Whether the actions are separate and distinct or

arise from the same transaction or occurrence appears to be of no moment in the current case, nor is the use of the same number on both of the complaints significant to make any distinction on the application of the foregoing mandate by the legislature. Rule 306 governing justices of the peace provides, inter alia, that complaints shall be numbered consecutively in order of filing, and complaints filed in the case of a defendant shall take the same number as plaintiff's complaint. The real pith of the matter is the clear and explicit language governing appeals.

What was said in the case of Commonwealth v. Fenstermaker, 47 D. & C. 2d 341, 343-44, is appropriate here:

"The Minor Judiciary Court Appeals Act of December 2, 1968 . . . was passed not only to provide for a right of appeal in all cases, from decisions of the minor judiciary, but also to provide the procedure therefor. Its clear intention is to eliminate confusion, duplication, and inconsistencies created by existing statutes in the field of appeals from decisions of the minor judiciary. To accomplish this purpose and intent the act in section 7 specifically repealed 18 other acts or parts of acts.

"The intention of the legislature is clear. It intended to set up a single uniform procedure in all appeals from decisions of the minor judiciary. Every use of the word 'shall' in the act must therefore have been intended to be mandatory. To hold otherwise would so seriously impair the purpose of the statute as to amount to a defeat of that purpose.

"For a court to now decide that certain parts only are mandatory and other parts are directory would be to recreate the confusion which the act intended to eliminate."

There is another compelling reason this court cannot agree with plaintiff. Defendant secured his judgment

and was apparently satisfied therewith. Subsection (c) of section 3005 provides that appeals shall be conducted and prosecuted in accordance with the law and the Pennsylvania Rules of Civil Procedure that would have been applicable if the action had been initiated in the court of common pleas. In short, this provision provides for a hearing de novo. In the court's opinion, defendant should not again be put to the task of acquiring his judgment for a second time if plaintiff, against whom the judgment was secured, as a defendant in the justice court, did not act within the limitation of time placed upon him.

As plaintiff admitted at argument and, this court agrees, plaintiff was in a dual position, namely, that of a plaintiff originally and that of a defendant on defendant's crosscomplaint, and was, therefore, required to comply with both mandates of the act within the 20-day period provided.

For the foregoing reasons, the court makes the following

## ORDER

And now, October 22, 1970, defendant's motion to dismiss the rule to file a complaint or counterclaim is granted with prejudice. Costs of this portion of the appeal to be paid by plaintiff.